Gibson, J.
The facts in this case are stated in the report thereof at page 73 of this volume, where the majority of this court affirmed the judgment of the Court of Appeals declaring Section 143.30, Revised Code, so far as it extends civil service jurisdiction to nonteaching employees of city school districts, unconstitutional and void because it is in conflict with Section 10 of Article XV of the Constitution of Ohio.
Upon reconsideration following oral argument, the court unanimously concludes that for the reasons heretofore stated by Taft and O’Neill, JJ., in a concurring opinion (174 Ohio St., 73, 79), its prior judgment respecting the constitutionality of Section 143.30, Revised Code, was in error, and such judgment is hereby set aside.
In addition to the constitutional issue, appellees contend that (1) the rules of the appellant respecting age and residence requirements are void because they were not adopted in accordance with the Administrative Procedure Act (Chapter 119, Revised Code), and (2) the rules are unlawful because the age and residence requirements contained therein are unreasonable, discriminatory and constitute an abuse of discretion by the appellant. For the reasons stated herein, these contentions are not sustained.
With respect to the contention that the rules of the appellant here in question are invalid because of noncompliance with the Administrative Procedure Act (Chapter 119, Revised Code), the first sentence of Section 119.01 (A), defining “agency” for the purpose of the act, provides: *469 119.13, inclusive, of the Revised Code, and [3] the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or canceling licenses.” (Emphasis supplied.) The remainder of Section 119.01 (A) expressly sets forth limitations upon the term “agency”. A careful reading of the above-quoted statutory language clearly indicates that only agencies at the state level of government are covered by the act. This conclusion is supported by the fact that the act was originally enacted in 1943 following a study by the Administrative Law Commission of state departments, commissions, boards and bureaus. Such commission made no attempt to examine the procedures and processes of local government boards, commissions, or departments. Prior to the court’s judgment of last December in this case, no municipal civil service commission had filed its rules and regulations with the Secretary of State.
*468 “(A) ‘Agency’ means, except as limited by this division, [1] any official, board, or commission having authority to promulgate rules or make adjudications in the bureau of unemployment compensation, the civil service commission, the department of industrial relations, the department of liquor control, the department of taxation, the industrial commission, [2] the functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state specifically made subject to sections 119.01 to
*469 Section 143.30, Revised Code, requires the establishment of municipal civil service commissions and grants to such commissions the powers and duties with respect to civil service conferred by Sections 143.01 to 143.48, inclusive, of the Revised Code, upon the Director of State Personnel and the State Personnel Board of Review. This does not mean, however, that such commissions are covered by Section 119.03, Revised Code, as is true as to the Director of State Personnel. Rather, Section 143.30 provides that a municipal civil service commission shall prescribe, amend, and enforce rules “not inconsistent” with Sections 143.01 to 143.48, inclusive. There is no legislative statement as to how such rules shall be promulgated. We conclude then that the rules promulgated by the appellant are not invalid because of a failure to follow the procedure prescribed by Chapter 119 of the Revised Code.
Whether the rules of the appellant are unlawful because the age and residence requirements for examination of non-teaching employees of the city school district are unreasonable, discriminatory and constitute an abuse of discretion depends largely upon the powers and duties conferred upon such a commission by the General Assembly. As we have seen, such a
*470 commission has the same powers and duties as are conferred' by statute upon the Director of State Personnel and the State Personnel Board of Review. With respect to examinations, Section 143.16, Revised Code, provides that they shall be public and “open to all citizens of the United States, within certain limitations to be determined by the director of state personnel [municipal civil service commission], as to citizenship, residence, age, sex, experience, education, health, habit, and moral character”. The last sentence of Section 143.16 indicates that the Director of State Personnel may limit examinations to a district, county or city. Thus, since the appellant has the same power as the Director of State Personnel, it seems clear that it had the power to adopt rules containing age and residence requirements for nonteaching employees of the school district.
The appellees contend that the only reason the appellant adopted the rules containing age and residence requirements for nonteaching personnel of the Findlay schools was a desire for uniformity. The appellant, however, argues that the rules were adopted for the purpose of promotng efficiency and to provide residents of the school district an opportunity to obtain employment within the school district rather than to permit nonresidents to secure jobs which, in the opinion of the appellant, should be available to residents. Regardless of the wisdom of the appellant’s action in adopting the rules in question, neither the reasons advanced by it nor the ground which the appellees say is the real reason is unusual.
It surely can not be contended seriously that rules of a municipal civil service commission incorporating age and residence requirements for examination, which factors are expressly provided for by Section 143.16, Revised Code, are inconsistent with Sections 143.01 to 143.48, inclusive, of the Revised Code. Under all the circumstances, we conclude that there was no abuse of discretion.
For the foregoing reasons the judgment of the Court of Appeals is reversed and final judgment rendered for the appellant.

Judgment reversed.

Taet, C. J., Zimmerman, Matthias, 0’Neill, Grieeith and Herbert, JJ., concur.